UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**FELICIA BRADEN**                                      **CASE NO. 6:25-CV-01180**

**VERSUS**                                                    **JUDGE S. MAURICE HICKS, JR.**

**U S POSTAL SERVICE ET AL**                  **MAGISTRATE JUDGE DAVID J. AYO**

### REPORT AND RECOMMENDATION

Before the Court is the UNITED STATES' RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION. Rec. Doc. 7. Plaintiff Felicia Braden did not file an opposition. This motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, law, and argument, and for the reasons explained below, the Court recommends that the instant motion be GRANTED and that this matter be DISMISSED WITHOUT PREJUDICE.

### Factual and Procedural Background

The instant case arises out of an August 14, 2023, motor vehicle accident in Carencro, Louisiana when a truck being operated by Meagan Livings for the United States Postal Service collided with a vehicle, resulting in that vehicle's collision with Braden's vehicle. Rec. Doc. 1 at ¶ IV. On August 18, 2025, Braden filed a complaint in this Court against the United States Postal Service and Livings and asserted that jurisdiction was founded upon the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. Rec. Doc. 1. The United States responded with the instant motion, contending that this action was filed prematurely because it was filed less than six months from the government agency's receipt of Braden's administrative claim as required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2.

## **Applicable Standards**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be treated as a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981), *cert. denied*, 102 S. Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *See Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975). With a factual challenge, the court is allowed to look outside the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413 (citing *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 844, 891 (3rd Cir. 1977)).

A district court has the ability to dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. If dismissal is sought for a jurisdictional defect that centers upon the lack of a congressional waiver of the government's sovereign immunity, resolution is not appropriate by summary judgment but rather via a motion to dismiss for lack of subject matter jurisdiction. *Stanley v. Cent. Intel. Agency*, 639 F.2d 1146, 1156-57 (5th Cir. 1981)).

Presentment of a claim to the appropriate agency and denial of that claim by the agency in writing, sent by registered or certified mail, are prerequisites to a tort suit brought against the United States. 28 U.S.C. § 2675(a). With respect to denial:

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

28 C.F.R. § 14.9(a). If the agency fails to dispose of the claim within six months of filing, the claimant has the option, any time thereafter, to deem a final denial of the claim for purposes of Section 2675(a). 28 U.S.C. § 2675(a).

The time for commencing an action against the United States is governed by the following:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). It is well-settled that the limitation periods are jurisdictional. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995); *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987).

## Analysis

As mentioned above, Braden did not file an opposition, so the government's representations are uncontradicted. The government notes that Braden alleged in her complaint that she had submitted an SF-95 to the United States Postal Service on February 19, 2025, and that all administrative remedies had been exhausted because "[m]ore than six months have elapsed since the filing of the claim without any formal action taken." Rec. Doc. 7-1 (quoting Rec. Doc. 1 at ¶ VIII). Instead, the government contends that a government agency has six months from the date of receipt of the claim to take action and not six months from the date the SF-95 is signed or sent by the plaintiff. *Id*. According to the government, the United States Postal Service received Braden's SF-95 on March 11, 2025, but Braden filed suit on August 18, 2025, less than six months from the Postal Service's receipt. *Id*. at 6. As such, the government asserts that Braden had not exhausted her administrative remedies prior to the filing of suit. *Id*. When the complaint was filed, no formal action had

3

been taken by the Postal Service. Based on the uncontroverted timeline, the government is correct, and this Court lacks subject matter jurisdiction.

## Conclusion

Given Braden's failure to comply with requirements of the Federal Tort Claims Act, this Court recommends that the UNITED STATES' RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Rec. Doc. 7) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers on this 30th day of December, 2025.

_____
David J. Ayo
United States Magistrate Judge